Stephanie R. Tatar (237792)
TATAR LAW FIRM, APC
3500 West Olive Avenue, Suite 300
Burbank, CA 91505
Telephone: (323) 744-1146
Facsimile: (888) 778-5695
Stephanie@thetatarlawfirm.com

*Attorney for Plaintiff*
JEROME MARVIN MILLER

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JEROME MARVIN MILLER** | Case No. 3:19-cv-3454 |
| **Plaintiff,** | |
| vs. | **COMPLAINT FOR VIOLATIONS OF FAIR CREDIT REPORTING ACT** |
| **CHECKR, INC.** | **DEMAND FOR JURY TRIAL** |
| **Defendant.** | |

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer against Defendant Checkr, Inc. (hereafter "Checkr"), for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended*. Under the FCRA, "consumer reports" subject to the statute's protections include not simply those used in establishing the consumer's eligibility for credit, but also those used for "employment purposes." 15 U.S.C. § 1681a(d)(1)(B).

2. Defendant Checkr is a consumer reporting agency which provides background and employment screening services, and decision-making intelligence to prospective employers.

3. The FCRA was enacted "to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy," 15 U.S.C. § 1681(a)(4), by operating "in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy" of the consumer information they disseminate. 15 U.S.C. § 1681(b). Congress included in the statutory scheme a series of protections that impose strict procedural rules on consumer reporting agencies such as Checkr. This action involves Defendant Checkr's systematic violation of several of those important rules.

## II. PARTIES

4. Plaintiff Jerome Marvin Miller is an adult individual who resides in the State of South Carolina.

5. Defendant Checkr is a business entity that regularly conducts business in the Northern District of California, and has a principal place of business located at 2505 Mariposa Street, San Francisco, CA 94110.

## III. JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter based upon 28 U.S.C. § 1331 and 15 U.S.C. § 1681p in that all claims brought arise under the federal Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*.

7. Venue is properly in this District, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District.

## IV. STATEMENT OF FACTS

8. From in or about January 2014 through January 2019, Plaintiff maintained employment with Uber Technologies, Inc. ("Uber").

9. As part of his job, Plaintiff signed a document purportedly authorizing Uber to obtain consumer reports about him for employment purposes.

10. Uber requested a consumer report from Checkr, and Checkr sold to Uber a consumer report concerning the Plaintiff on or around January 21, 2019.

11. The report furnished by Checkr was for employment purposes.

12. This consumer report contained at least one item of information which was a matter of public record and of the type of information that was likely to have an adverse effect upon Plaintiff's ability to obtain employment generally, and specifically with Uber.

13. Defendant Checkr has been reporting, and did here report, inaccurate statements and information relating to Plaintiff and Plaintiff's driving history and record to third parties ("inaccurate information").

14. The inaccurate information includes, but is not limited to, an expired driver's license. The record appears on the consumer report Checkr sold about Plaintiff to Uber as follows:

"License Status: EXPIRED"

However, Plaintiff does in fact have a current and active driver's license from the state of South Carolina. Nonetheless, Checkr is falsely reporting Plaintiff's driver's status as expired when in fact it is not.

15. The inaccurate information portrays that Plaintiff has an expired driver's license, which he does not.

16. In creating and furnishing the Plaintiff's consumer report, Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about the Plaintiff. Due to Checkr's faulty procedures, it reported inaccurate information about the Plaintiff when it knew or should have known that this information was false.

17. Plaintiff was subsequently denied employment at Uber and Plaintiff was informed by Uber that the basis for this denial was the inaccurate information that appears on Plaintiff's Checkr consumer report and that the inaccurate information was not only a substantial factor for the denial, but the only factor.

18. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost employment opportunity, harm to reputation, and emotional distress, including anxiety, frustration, humiliation and embarrassment.

19. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of its agency or employment, and under the direct supervision and control of the Defendant herein.

20. At all times pertinent hereto, the conduct of the Defendant as well as that of its agents, servants and/or employees, was intentional, willful, reckless, negligent, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## V. CAUSES OF ACTION

### COUNT I – Plaintiff v. Checkr

21. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

22. At all times pertinent hereto, Defendant Checkr was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

23. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

24. At all times pertinent hereto, the above-mentioned consumer reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

25. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant Checkr is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b).

26. The conduct of Defendant Checkr was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff outlined more fully above and, as a result, Defendant Checkr is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

27. Plaintiff demands trial by jury on all issues so triable.

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against Defendant Checkr, for the following requested relief:

    A. Actual damages;

    B. Statutory damages;

    C. Punitive damages;

    D. Costs and reasonable attorney's fees; and

    E. Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

*/s/ Stephanie R. Tatar*
Stephanie R. Tatar
Tatar Law Firm, APC
3500 West Olive Avenue, Suite 300
Burbank, CA 91505
Telephone: (323) 744-1146
Facsimile: (888) 778-5695

Dated: June 18, 2019